[*Special Term, December,* 1870.]

## H. G. ESTES *v.* R. C. PHILLIPS.

Where an agreement was made to submit a controversy to the arbitrament of three men, with a stipulation that their award should be made a rule of court under the provisions of the statute, and neither the terms of the agreement, nor the proceedings of the arbitrators as shown by the award, were in compliance with the statute for making an award a rule of court, it may, nevertheless, be a good submission and award at common law, and be enforced by action.

THE suit was brought against Phillips, and while it was pending the parties agreed to arbitrate, and selected two men, giving them authority to select a third, to act with them as arbitrators, providing their award should be rendered in writing, and signed by any two of the arbitrators so chosen. The subject of reference was the determination of all damages, claims, and demands alleged in the petition.

It was likewise agreed that the award might be made a rule of court if not performed in ten days after it was rendered. No time was named for the meeting to consider or hear the case.

The two arbitrators named were Andrew Hickenlooper and Jos. Earnshaw, who appointed in writing J. Dan Jones as the third. Hickenlooper and Jones agreed to and signed a written award of seventy-five dollars against Phillips. This award the plaintiff moves to set aside, on the ground that the bond of submission names no place of meeting nor time, that the arbitrators were not sworn, that the award was not delivered according to statute, that the arbitrators did not examine witnesses, that the plaintiff had no knowledge of any meeting held by the arbitrators, and that he had no notice of the person selected to act as umpire.

The award is in evidence, and the affidavits of the arbitrators were read.

TAFT J.   I see no evidence of fraud or misconduct.   The matter was simple, and I can not perceive why these arbitrators might not have formed a correct judgment without any more hearing than it appears was had.   But it is said the objections taken to it are good as against a statutory award.   It can not be made a rule of court.   Still another objection might perhaps be urged against it as a statutory submission, namely, that the three arbitrators are not named in the submission.   It was so held in the *Wesleyan Female Seminary* v. *Blair*, 1 Dis. 375.

It seems, however, to the court that these objections do not necessarily avoid the award as a common law award. The statute does not take away the common law right of parties to arbitrate their controversies.

There is no evidence of any fraud or unfair advantage in this case, appearing on the face of the proceedings, or by the affidavits of the arbitrators and parties.   The arbitrators went upon the ground with the plaintiff's petition in this case as their guide, and the plats of the parties, the defendant agreeing that the petition should be taken as true in its statement of facts, and made up their estimate of damages.   This seems to have been done in accordance with the bond of submission, though not within the statute, which authorizes the making of an award a judgment of the court.   This award will bind the parties, because they have agreed to be bound by the opinion of these arbitrators, and not because they have had a trial under the statute, which is to be substituted for the judgment of the court. It is to be enforced, like any contract, by action.

The setting aside of awards is, to some extent, discretionary, and, in a case of doubt, it is probably better to leave the parties to their action, rather than to set aside the awards on motion.   1 Dis. 381; Watson on Arbitration and Award, 266; 2 Dowl. & Ry. 222; 13 M. & W. 364.

I prefer to leave the parties to their action upon, or against this award.

Motion overruled.